[No. B062075. Second Dist., Div. Seven. Dec. 23, 1992.]

CHANNIE CUMMINGS, Plaintiff and Appellant, v.
BENCO BUILDING SERVICES et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 (b) and 976.1, this opinion is certified for publication. All portions are to be published with the exception of section III.

**COUNSEL**

Allred, Maroko, Goldberg & Ribakoff and Alan P. Ribakoff for Plaintiff and Appellant.

Pettit & Martin, Thomas P. Burke, Christopher A. Burrows and Daniel Weisberg for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Plaintiff appeals from an order of the trial court awarding $63,359.45 in attorney fees and costs to defendant as the prevailing party in an action for age discrimination. We find the trial court abused its discretion in making an award under the circumstances of this case and reverse.

### FACTS AND PROCEEDINGS BELOW

Appellant, Channie Cummings, is a 69-year-old Black woman who was the building maintenance supervisor at a 500,000-square-foot office building in Century City. She had worked at that building since it was built and was intimately familiar with the building and its tenants. The building management company and many tenants knew appellant and were very fond of her. Many of the tenants dealt directly with appellant on various matters and some even had her home telephone number.

When defendant, Benco Building Services (Benco), was awarded the contract to provide cleaning services at the building, Benco retained appellant as supervisor of the cleaning staff at the urging of the owner of the building, JMB Property Management and Realty Company (JMB). Appellant was 63 years old at the time.

Starting in late 1987, Benco received complaints from JMB concerning the janitorial service at the building. The complaints persisted into 1988 indicating appellant was unable to properly supervise her cleaning crews.

In early 1989, appellant was terminated. In her exit interview, Douglas Hardin, president of Benco, told appellant he had discussed the situation with two officials of JMB and they decided she was too old and they were retiring her. Appellant's position was later filled with a younger male employee.

Appellant filed a complaint against Benco alleging age and sex discrimination in violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.). The second and third causes of action were asserted against JMB and two of its officials. After reaching a settlement agreement with JMB, appellant voluntarily dismissed her causes of action against the JMB employees. Appellant later withdrew her cause of action for sex discrimination, leaving only her cause of action for age discrimination against Benco.

Benco filed a motion for summary judgment on the age discrimination claim which was granted by the trial court. This decision was separately

appealed. Benco then filed a motion for statutory attorney fees and costs as the prevailing party in the action. Appellant filed a motion to tax costs and an opposition to Benco's request for fees and costs claiming Benco was not entitled to an award because her complaint was neither frivolous, unreasonable nor groundless. The trial court denied appellant's motion to tax costs and awarded Benco $60,318.50 in attorney fees and $3,049.95 in costs.

In the interim, the summary judgment in favor of Benco on the age discrimination claim was affirmed by a divided panel of Division Five of this district in a partially published opinion filed October 26, 1992 (*Cummings* v. *Benco Building Services** (Cal.App.)).[1]

The present appeal concerns the propriety of the award of attorney fees and costs to Benco as the prevailing defendant in an age discrimination case.

DISCUSSION

I. *Standard of Review of an Award to a Prevailing Defendant in an Age Discrimination Case.*

Attorney fees are allowable as costs to a prevailing party when authorized by statute. (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10)(B).) Government Code section 12965 authorizes an award of attorney fees and costs to the prevailing party in any action brought under the California Fair Employment and Housing Act (FEHA). That section provides in pertinent part:

"In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity."

The language, purpose and intent of California and federal antidiscrimination acts are virtually identical. Thus, in interpreting FEHA, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under title VII of the federal Civil Rights Act, 42 United States Code section 2000e et seq., and under the federal Age Discrimination in Employment Act (ADEA), 29 United States Code section 621 et seq. (*Stephens* v. *Coldwell Banker Commercial Group,*

---

*Reporter's Note: Opinion (B059754) deleted upon direction of Supreme Court by order dated January 14, 1993.

[1]We, of course, take judicial notice of the court's published opinion in this matter. (Evid. Code, §§ 451, subd. (a), 459.)

*Inc.* (1988) 199 Cal.App.3d 1394, 1399-1400 [245 Cal.Rptr.2d 606]; *Levy* v. *Regents of University of California* (1988) 199 Cal.App.3d 1334, 1343-1344 [245 Cal.Rptr. 576].) ■ A trial court's award of attorney fees and costs under this section is subject to an abuse of discretion standard. *(Nat. Organization for Women* v. *Bank of California* (9th Cir. 1982) 680 F.2d 1291, 1293; *Stephens* v. *Coldwell Banker Commercial Group, Inc., supra,* 199 Cal.App.3d at pp. 1405-1406.)

The standard a trial court must use in exercising its discretion in awarding fees and costs to a prevailing defendant was set forth in the Supreme Court's decision in *Christianburg Garment Co.* v. *EEOC* (1978) 434 U.S. 412 [54 L.Ed.2d 648, 98 S.Ct. 694]. In that decision the court reaffirmed its prior holding that a plaintiff who brings an antidiscrimination suit does so in the role of a private attorney general to vindicate "a policy that Congress considered of the highest priority." *(Id.* at p. 416 [54 L.Ed.2d at p. 653].) The court explained the purpose behind the fee provision was to make it easier for a plaintiff of limited means to bring a meritorious suit to vindicate a policy the Congress considered of the greatest importance. *(Id.* at p. 418 [54 L.Ed.2d at pp. 654-655].) ■ Thus, a prevailing plaintiff " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " *(Id.* at pp. 416-417, citing *Newman* v. *Piggie Park Enterprises* (1968) 390 U.S. 400, 402 [19 L.Ed.2d 1263, 1265-1266, 88 S.Ct. 964].)

■ The court pointed out these equitable considerations were entirely absent, however, in the case of a prevailing defendant. Thus, the court found the standard for awarding prevailing defendants attorney fees and costs should be entirely different. The standard ultimately adopted by the court, and supported by the legislative history, directed "such awards should be permitted 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.' " *(Christianburg Garment Co.* v. *EEOC, supra,* 434 U.S. at p. 421 [54 L.Ed.2d at pp. 656-657], citing *Carrion* v. *Yeshiva University* (2d Cir. 1976) 535 F.2d 722, 727.)

The court further explained this standard stating: "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

"In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. . . .

"To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (434 U.S. at pp. 421-422 [54 L.Ed.2d at pp. 656-657].)

The record does not reflect the trial court made the necessary findings concerning the merits of appellant's age discrimination claim. The absence of findings, however, is not fatal to our review. A review of the record and subsequent events provides considerable proof appellant's claim of age discrimination was neither frivolous, unreasonable nor groundless. We consequently find the trial court abused its discretion in awarding costs and fees to Benco and reverse the award.

II. *The Award Was an Abuse of Discretion If the Trial Court Relied on Plaintiff's Failure to Establish a Prima Facie Case of Age Discrimination.*

As noted, the grant of summary judgment in favor of Benco was the subject of a separate appeal which was affirmed by a divided panel of Division Five of this district. In affirming the summary judgment in Benco's favor, the majority nevertheless recognized appellant presented some evidence of age discrimination. For example, the majority credited appellant's evidence: Benco's president and two JMB officials decided she was too old and they were retiring her; Hardin's deposition testimony the position of building foreman is a physical position requiring varying degrees of exercise and no building supervisor he was aware of was over 60; and Hardin's

opinion appellant was not able to walk the two to three miles a night necessary to supervise the building. The majority, however, concluded this evidence was "not substantial enough to create a triable issue of fact of age discrimination" and affirmed the judgment.

The dissenting justice would have found Hardin's statement that appellant was too old and they were retiring her to be direct evidence Hardin impermissibly considered age in his decision to terminate her. Under this view of the evidence, the burden would have shifted to Benco to prove by a preponderance of the evidence it would have made the same decision even if it had not taken the illegitimate factor into account. (*Grant* v. *Hazelett Strip-Casting Corp.* (2d Cir. 1989) 880 F.2d 1564, 1568; *Young* v. *General Foods Corp.* (11th Cir. 1988) 840 F.2d 825, 828.) The dissent concluded the direct evidence of age discrimination, coupled with the other circumstantial evidence of disparate treatment of appellant based on her age, created a triable issue of fact which warranted a jury trial.

Alternatively, the dissent found appellant presented sufficient indirect evidence to establish a prima facie case of age discrimination. Under this alternative burden shifting method of proving age discrimination, the dissent concluded there were triable issues of fact whether the reasons asserted for appellant's termination were pretextual. (*McDonnell Douglas Corp.* v. *Green* (1973) 411 U.S. 792, 802 [36 L.Ed.2d 668, 677-678, 93 S.Ct. 1817].)

In sum, the majority recognized appellant presented some evidence of age discrimination. The dissent would have found that same evidence was substantial enough to warrant a jury trial. Based on the views expressed by our respected colleagues, it becomes apparent reasonable minds may differ as to the strength of appellant's case but that it would be unreasonable to conclude appellant's action for age discrimination was frivolous, unreasonable or without foundation where both the majority and the dissent found her claim to have some basis in fact. It therefore follows the trial court erred in presumably finding appellant's claim to be frivolous, unreasonable or without foundation and awarding attorney fees and costs to Benco as the prevailing defendant in this case.

Our conclusion is further bolstered by a review of federal discrimination cases in which an award to a prevailing defendant was appropriate. Patterns developed in these cases indicate that either the plaintiff's conduct was egregious or that his or her case was patently baseless for objective reasons. As a result, there is no parallel to draw between those cases and the case at bar. For example, appellant was neither charged with nor accused of perjury. (See, e.g., *Carrion* v. *Yeshiva University*, *supra*, 535 F.2d 722; *Blue* v. *U.S.*

*Dept. of Army* (4th Cir. 1990) 914 F.2d 525; *Charves* v. *Western Union Telegraph Co.* (1st Cir. 1983) 711 F.2d 462.) Appellant's cause of action was not obviously contrary to undisputed facts or well established legal principles specifically precluding recovery for the type of injury alleged. (See, e.g., *Patton* v. *County of Kings* (9th Cir. 1988) 857 F.2d 1379.) Nor did appellant continuously seek to avoid adverse legal rulings by intentionally submitting renewed motions which disguised the subject matter of previously denied motions. (See, e.g., *Nat. Organization for Women* v. *Bank of California, supra,* 680 F.2d 1291.) Nor is there any evidence appellant pursued litigation after discovery affirmatively disclosed the factual basis for the alleged discrimination was patently nonexistent. (See, e.g., *E.E.O.C.* v. *Jordan Graphics, Inc.* (W.D.N.C. 1991) 769 F.Supp. 1357.) Instead, evidence produced in discovery concerning, for example, the alleged incompetence of her younger replacement and Hardin's belief appellant was not capable of walking the entire building to properly supervise it, tended to bolster, not undermine appellant's age discrimination case. Thus, it cannot be said appellant continued to litigate her claim after it should have become obvious it was frivolous, unreasonable or groundless.

Instead, the case at bar appears to be a routine case in which the plaintiff merely failed to achieve success on her claim. (See, e.g., *White* v. *South Park Independent School Dist.* (5th Cir. 1982) 693 F.2d 1163 [plaintiff failed to produce any evidence of racial discrimination yet suit not so frivolous, unreasonable or without foundation to warrant award of attorney fees to defendant].) As the Supreme Court cautioned, this fact should not automatically entitle a prevailing defendant to fees and costs or otherwise only those plaintiffs with the most airtight cases will risk bringing suit to enforce antidiscrimination legislation. (*Christianburg Garment Co.* v. *EEOC, supra,* 434 U.S. at p. 422 [54 L.Ed.2d at p. 657].)

Because we conclude appellant's age discrimination claim cannot be deemed frivolous, unreasonable or groundless in view of the case law clarifying those terms, and in view of the divided decision of this court affirming the summary judgment, we further conclude the award of fees and costs to Benco as the prevailing defendant was an abuse of discretion.

III.   *The Award of Fees and Costs to Benco Is Not Supported by Any Evidence of Later Discovered "Terminable Misconduct."* *

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

*See footnote, *ante,* page 1383.

## DISPOSITION

The award of attorney fees and costs to Benco and against appellant is reversed and remanded with instructions to the trial court to deny Benco's request for fees and costs. Appellant shall recover her costs of appeal.

Lillie, P. J., and Woods (Fred), J., concurred.