Bryan A. MOSS, Plaintiff,

v.

The ASSOCIATED PRESS, an Association, David Tomlin, an individual, and Does 1 through 100, inclusive, Defendants.

No. CV 95–6690 RSWL (VAPx).

United States District Court,
C.D. California.

Oct. 28, 1996.

Jeffrey A. Kopczynski, Movius Kopczynski & Overgaard, Glendale, CA, for Plaintiff.

Edith Norton Dinneen, Cynthia T. Soldwedel, Lane Powell Spears & Lubersky, Los Angeles, CA, for The Associated Press.

## ORDER GRANTING ATTORNEYS' FEES

LEW, District Judge.

This matter was dismissed on summary judgment on June 27, 1996. The only unresolved issue was whether Defendant was entitled to an award of attorneys' fees pursuant to section 12965(b) of the California Fair Employment and Housing Act. The parties briefed the issue of attorneys' fees and the matter was taken under submission pursuant to Federal Rule of Civil Procedure 78.

After considering the papers submitted in support of and in opposition to the award of attorneys' fees, and after reviewing the applicable law, the Court hereby GRANTS in part Defendant's request for attorneys' fees pursuant to section 12965(b) of the California Fair Employment and Housing Act in the amount of $45,911.80.

## I. BACKGROUND

Plaintiff Bryan Moss ("Plaintiff") is a former employee of Defendant The Associated Press ("Defendant"). Defendant is a membership cooperative organized under the New York Not–For–Profit Corporation Law. It gathers and distributes worldwide news reports and photographs.

In 1990, Defendant acquired the exclusive marketing rights to the LeafDesk, an electronic darkroom that newspapers use as a receiver to capture the newsphoto service. Thereafter, Defendant sought to market the LeafDesk electronic darkroom and other phototechnology equipment and decided to create a direct sales force to market such technology.

In February, 1992, Defendant David Tomlin ("Tomlin") hired Plaintiff as a member of a new marketing group of Regional Marketing Executives (the "RME group") established to market Defendant's technology. Plaintiff was fifty-eight years old at that time. Tomlin also hired Patrick Juliano (forty-eight years old), James Farmer (fifty-eight years old), Fred Mallon (forty-eight years old), David Swearingen (forty-six years old), and Scott Price (thirty-five years old).

The RME group had problems and poor sales figures. In 1994, based upon the recommendations of an independent consulting firm, Defendant began to convert the RME group from a product-marketing organization to a technology-consulting group. Tomlin notified Plaintiff of this conversion in February, 1995. Plaintiff requested a position in the consulting group in March.

The RME group did not meet its first quarter 1995 quotas and was therefore disbanded. All of the RME group members were terminated, including Plaintiff who was, at the time, sixty-one years old. Tomlin did not select Plaintiff for the new consultant group allegedly because Plaintiff did not have the qualifications needed for that position. Instead, Tomlin hired Toby Massey (sixty-one years old), Spencer Jones (fifty-four years old), David Breslauer (forty years old), Chris Ritter (thirty-six years old), Rodney White (thirty-one years old), and David Rocha (thirty years old).

On July 27, 1995, Plaintiff filed this action in state court asserting claims for (1) age discrimination under California State law, (2) breach of employment agreement, and (3) breach of the implied covenant of good faith and fair dealing. Defendant thereafter removed the action to this Court based on diversity jurisdiction. Plaintiff claimed that he was terminated despite his success in marketing Defendant's technology and that the new consulting group was the same as the RME group only with younger, less-qualified men who were paid less. Plaintiff contended that Defendant made certain assurances regarding longevity and the availability of a pension plan, on which Plaintiff relied.

On June 27, 1996, this Court granted Defendant's Motion for Summary Judgment on all three claims. The Court determined that Plaintiff had failed to submit evidence to support any of the claims and permitted Defendant to apply for attorney fees and costs.[1]

---

**1.** In granting Defendant's Motion for Summary Judgment, this Court stated:

Plaintiff has failed to submit evidence to support his claim for age discrimination under the Fair Employment Housing Act. In addition,

## II. DISCUSSION

### A. *Statutory Authority for Attorney's Fees*

In some countries, attorneys' fees are recovered as a matter of course and non-recovery is the exception rather than the rule. *See Burnaby v. Standard Fire Ins. Co.,* 40 Cal.App.4th 787, 47 Cal.Rptr.2d 326, 332 (1995). California, however, has adopted the "American rule," which provides that each party to a lawsuit must ordinarily pay his own fees. *Trope v. Katz,* 11 Cal.4th 274, 278, 45 Cal.Rptr.2d 241, 244, 902 P.2d 259, 262 (1995); *see Gray v. Don Miller & Assocs., Inc.,* 35 Cal.3d 498, 504, 198 Cal.Rptr. 551, 674 P.2d 253 (1984); *United Servs. Auto. Ass'n v. Dalrymple,* 232 Cal.App.3d 182, 187, 283 Cal.Rptr. 330, 332 (1991).

The California Legislature codified the American rule when it enacted section 1021 of the Code of Civil Procedure, providing that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties...." Cal. Civ.Proc.Code § 1021 (West 1980 & Supp. 1995); *see Trope,* 11 Cal.4th 274, 45 Cal. Rptr.2d at 244–45, 902 P.2d at 262–63; *Bruno v. Bell,* 91 Cal.App.3d 776, 781, 154 Cal. Rptr. 435 (1979).

### B. *California Fair Employment and Housing Act Section 12965(b)*

The California Fair Employment and Housing Act ("FEHA") represents one statutory exception to the general rule that each party bears its own costs in litigation. Section 12965(b) of the California FEHA provides that the Court may, in its discretion, award reasonable attorney fees and costs to the prevailing party. Cal. Gov't Code § 12965(b) (West 1992).

The language, purpose, and intent of the California FEHA are virtually identical to the federal anti-discrimination acts. *Cummings v. Benco Bldg. Servs.,* 11 Cal.App.4th 1383, 15 Cal.Rptr.2d 53, 55 (1992). "California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under Title VII ... and under the federal Age Discrimination in Employment Act." *Id.* (citations omitted).

■ The court's discretion in granting attorney fees to a prevailing defendant under the California FEHA is governed by the Supreme Court's decision in *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 420–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), holding that:

[A] district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

*Christiansburg,* 434 U.S. at 420–22, 98 S.Ct. at 700; *see Cummings,* 15 Cal.Rptr.2d at 55.

■ There is, however, "a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." *Mitchell v. Los Angeles County Superintendent of Sch.,* 805 F.2d 844, 847 (9th Cir.1986). The fact that a plaintiff fails to prevail is not controlling and should not be given undue consideration.

[I]t is important that a district court resist the temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even

even assuming that Plaintiff could only be fired for good cause, Defendant has submitted evidence to show that it had good cause to terminate Plaintiff, and Plaintiff has filed nothing to suggest otherwise. Defendant is hereby entitled to apply for its fees and costs.
(Order at 11:23–12:1.)

when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 420–24, 98 S.Ct. at 700–701. Therefore a prevailing defendant should only be granted attorney's fees if the court finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that *the plaintiff continued to litigate after it clearly became so.*" *Id.* at 422, 98 S.Ct. at 701. (emphasis added).

### C. *Defendant is Entitled to Reasonable Attorneys' Fees*

Defendant's Motion for Summary Judgment was granted due to Plaintiff's failure to submit evidence to support Plaintiff's claims (*See* Order at 11:23–28).

Defendant argues that attorney fees should be awarded "because Plaintiff either knew at the outset that he had no evidence to support a claim of age discrimination or, at a minimum, because he continued to litigate after discovery revealed (or would have revealed if he had bothered to inquire) the total emptiness of his allegation." (Def.'s P. & A. at 9:13–17.)

### 1. Plaintiff's Action was not Necessarily Frivolous When First Brought

First, Defendant argues that Plaintiff knew from the outset that no facts were available to support the claims against Defendant. Defendant cites examples where courts have awarded attorneys' fees against Plaintiffs who knew that their claims were baseless from the outset of litigation. *See e.g., Quiroga v. Hasbro*, 934 F.2d 497 (3d Cir.1991); *Hamilton v. New Orleans Legal Assistance Corp.*, 1996 WL 219690 (E.D.La. Apr. 30, 1996); *Gonzales v. MetPath, Inc.*, 214 Cal.App.3d 422, 262 Cal.Rptr. 654 (1989). However, the two federal cases cited by Defendant involve claims that could not be supported as a matter of law, not merely from a lack of factual evidence. *See Quiroga*, 934 F.2d at 503; *Hamilton*, 1996 WL 219690. In the present case, Plaintiff presented at least a colorable claim, which he eventually failed to support with adequate evidence.

In *Gonzales*, the court found that the plaintiff "must have known from the start

[that] there [was] absolutely no evidence that [the employer] drew such a distinction [based on gender or ancestry]." *Gonzales*, 262 Cal. Rptr. at 658. In fact, the employer "had gone to some lengths to preserve [plaintiff's] position when the job to which she was assigned was eliminated." *Id.* Also, the advanced position sought by the plaintiff was filled by a non-minority male who was more qualified. *Id.*, 262 Cal.Rptr. at 656. The present case differs slightly since Plaintiff was replaced by less experienced employees and was denied an alternate position in Defendant's company.

Plaintiff responds that while "reasonable minds may differ as to the strength of a particular case," Plaintiff's action for age discrimination was not frivolous, unreasonable, or unfounded from the outset (Pl.'s Opp'n at 4:15–18). At the commencement of the action, Plaintiff (a) knew that he was replaced by younger employees (*id.* at 4:13–14), and (b) had no knowledge regarding Defendant's legitimate non-discriminatory reason for termination (*Id.* at 7:15–27).

Defendant replies that Plaintiff's own deposition testimony proves that Plaintiff had knowledge of Defendant's business circumstances resulting in Plaintiff's termination (Def.'s Reply at 5:21–6:26). However, each deposition excerpt shows only that Plaintiff's assigned work group was to be disbanded, not necessarily that Plaintiff would be permanently terminated. Defendant also replies that Plaintiff should have been aware that decisions affecting Plaintiff were not based on Plaintiff's age (*Id.* at 7:15–8:1). However, Plaintiff reasonably believed that he had some independent indication from James Farmer, another terminated employee, that Defendant had replaced him with younger employees (Pl.'s Opp'n at 3:25–4:1).

The Court does not find, as Defendant urges, that Plaintiff necessarily knew from the beginning of litigation that he could discover no facts to support his age discrimination claim. *Christiansburg* cautions courts against punishing plaintiffs for advancing claims that are less than "airtight." 434 U.S. at 420–22, 98 S.Ct. at 700. Plaintiff should be given the benefit of the doubt that deci-

sive facts could have reasonably been expected to emerge through discovery to support his suspicion of age discrimination. *Id.* Therefore, the Court will not apply "hindsight logic" to conclude that Plaintiff's claim was frivolous, unreasonable, or unfounded from the outset. *See id.*

## 2. Plaintiff Continued to Litigate After Plaintiff Knew, or Should Have Known, That His Claims Were Unreasonable or Without Foundation

■ Second, Defendant argues that Plaintiff should not have continued to litigate after Plaintiff clearly became aware that no facts were available to support the claims against Defendant.

Defendant presents the deposition testimony of Plaintiff from February 5, 1996 to demonstrate Plaintiff's knowledge that his claims could not be supported by facts (Supplemental Dinneen Decl. Ex. A). As to *prima facie age discrimination,* Plaintiff admits that (a) no one had ever indicated his age was anything other than a positive factor in his employment (*id.* at 101:21–102:12), and (b) that the only basis for his age discrimination claim was his "own personal belief" that he was not selected for the new consulting group because of his age (*Id.* at 102:4–8). Defendant also asserts that Plaintiff "knew (or could have easily ascertained) that half of the six individuals who allegedly 'replaced' him were over age 40 and one was his own age." (Def.'s Reply at 7:17–19). As to *Defendant's legitimate non-discriminatory business justification,* Plaintiff admits that his workgroup, the RME sales force, had been disbanded due to poor business earnings (*Id.* at 6:18–21; Supplemental Dinneen Decl. Ex. A at 221:22–222:10). Therefore, on February 5, 1996, Plaintiff was aware of facts that demonstrated the absence of discrimination, thus rendering unreasonable Plaintiff's continued pursuit of the litigation.

Defendant also presents Plaintiff's discovery requests from February 5, 1996 to demonstrate that Plaintiff failed to pursue facts to support his claims (Dinneen Decl. Ex. B). Defendant argues that Plaintiff "failed to conduct even minimal discovery to determine whether there was any basis for the continued pursuit of [an] age discrimination claim."

(Def.'s Reply at 8:9–11). For example, Plaintiff's interrogatories failed to request any information from Defendant regarding either Defendant's business justifications, or the similar ages of the replacement employees (*Id.* at 8:26–28). Therefore, at least as of February 5, 1996, Plaintiff failed to request supporting facts required to reasonably continue pursuit of litigation.

In sum, Plaintiff's deposition testimony and discovery request demonstrate that, at least on February 5, 1996, Plaintiff should have clearly been aware that continued litigation was either unreasonable or without foundation. Therefore, under *Christiansburg,* Defendant should be entitled to recover attorneys' fees incurred from the point that Plaintiff unreasonably continued the litigation. 98 S.Ct. at 701.

### 3. Calculation of Reasonable Attorneys' Fees

■ The calculation of attorneys' fees in a removed diversity action, such as the present case, is governed by California law. *Crommie v. State of Cal., Public Utilities Comm'n* 840 F.Supp. 719, 724 (N.D.Cal.1994) (citing *Bouman v. Block,* 940 F.2d 1211, 1237 (9th Cir.1991); *Shakey's Inc. v. Covalt,* 704 F.2d 426, 435–36 (9th Cir.1983)), *modified,* 67 F.3d 1470 (9th Cir.1995). Under California law, the general rule is that the amount of an attorneys' fee award is within the sound discretion of the trial court in the absence of a patent abuse of discretion. *Hancock Lab., Inc. v. Admiral Ins.* 777 F.2d 520, 526 (9th Cir.1985).

### a. Defendant requests reasonable attorneys' fees

■ Defendant seeks a total of $53,163.75 in attorneys' fees, including $45,403.75 for work performed in successfully defending against Plaintiff's FEHA claim, and $7,760.00 for fees incurred in bringing this Motion for Attorneys' Fees.

Defendant presents billing statements that account for $90,807.50 in attorneys' fees to defend against all three of Plaintiff's claims (Dinneen Decl. Ex. C). Defendant requests only one-half of this amount as a "conservative" estimate of the portion of work expend-

ed on the FEHA claim. *See Ackerman v. Western Elec. Co.,* 643 F.Supp. 836, 862 (N.D.Cal.1986), *aff'd* 860 F.2d 1514, 1520 (9th Cir.1988) (authorizing apportionment of "the number of hours expended in litigating plaintiff's claim under the [FEHA] as opposed to her other claims"). Defendant also requests recovery of fees for the work necessarily spent in bringing this Motion. *See Davis v. City and County of San Francisco,* 976 F.2d 1536, 1544 (9th Cir.1992) ("time spent by counsel in establishing the right to a fee award is compensable"), *modified,* 984 F.2d 345 (9th Cir.1993). Defendant is requesting fees at the rate of $245 (partner) and $165 (associate) per hour for the two attorneys representing Defendant in this action. These rates are reasonable compared to similar awards of attorneys' fees in FEHA actions. *See, e.g., Davis,* 976 F.2d at 1547; *Crommie,* 840 F.Supp. at 725; *Bihun v. AT & T Info. Sys., Inc.,* 13 Cal.App.4th 976, 16 Cal.Rptr.2d 787, *disapproved on other grounds, Lakin v. Watkins Associated Indus.,* 6 Cal.4th 644, 25 Cal.Rptr.2d 109, 863 P.2d 179 (1993).

### b. Attorneys' fees should be calculated as of February 5, 1996

Defendant award of attorneys' fees need not cover the entire period of the case, but may be limited to the period after events demonstrate that Plaintiff's case was frivolous, unreasonable, or groundless. *Greenberg v. Hilton Int'l Co.,* 870 F.2d 926, 940 (2d Cir.1989) (citing *Christiansburg,* 434 U.S. at 420–22, 98 S.Ct. at 700; *Hermes v. Hein,* 742 F.2d 350, 358 (7th Cir.1984)). This approach is appropriate when an initially nonfrivolous action is shown through discovery to be groundless and without factual basis. *Munson v. Milwaukee Bd. of Sch. Directors,* 969 F.2d 266, 271 (7th Cir.1992). As discussed previously, Plaintiff should be given the benefit of the doubt that he reasonably believed that discovery would produce evidence to support his less than "airtight" claim. However, this presumption disappeared on February 5, 1996 when Plaintiff's deposition testimony conceded knowledge of damaging facts, and the discovery request failed to seek facts necessary for Plaintiff to support his claim. Therefore, at a minimum, Defendant is entitled to attorneys' fees incurred after February 5, 1996, when Plaintiff's claim clearly became unreasonable or without foundation.

Judge Kelleher of the Central District used this approach to award attorney's fees from the point that the plaintiff was alerted to "the perilous course that [its] suit] may be taking due to an increasingly apparent lack of support for [its] claims." *Goldrich, Kest & Stern v. City of San Fernando,* 617 F.Supp. 557, 565 (C.D.Cal.1985) (quoting *Hermes,* 742 F.2d at 358). In the present case, Plaintiff should have been aware on February 5, 1996 that his claims lacked support. Under these circumstances, Plaintiff was unreasonable to continue the litigation, and Defendant should be entitled to attorneys' fees from that date. *Christiansburg,* 434 U.S. at 422–24, 98 S.Ct. at 701.

According to Defendant's billing statements, Defendant incurred $79,243.50 after February 5, 1996. One-half of this amount (which is Defendant's proposed apportionment for defending against the FEHA claim), $39,621.75, is the reasonable amount of attorneys' fees incurred after Plaintiff should have been aware that his FEHA claim was being pursued without foundation. Therefore, including the $7,760.00 to bring this motion, Defendant is entitled to $47,381.75 in attorneys' fees.

The Court hereby **GRANTS in part** Defendant's request for attorneys' fees in the amount of $47,381.75.

**IT IS SO ADJUDGED.**