122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sundi LYONS, Plaintiff-Appellant,
v.
GOLDWELL COSMETICS, INC., Defendant-Appellee.
 No. 96-15908.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997. Defendant-Appellee.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-02128-EJG. Edward J. Garcia, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sundi A. Lyons appeals pro se the district court's summary judgment in favor of her former employer Goldwell Cosmetics (U.S.A.) Inc. ("Goldwell") in her diversity action alleging that she was sexually harassed and discriminated against in the course of her employment, and wrongfully terminated in violation of the California Fair Employment and Housing Act (Cal. Gov't Code § 12940) ("FEHA"), and California tort and contract law.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Sarraf v. Standard Ins. Co., 1012 F.3d 991, 992 (9th Cir.1996), and we affirm.
 
 
 4
 The district court did not err by determining that Lyons failed to raise a material issue of fact on her sexual harassment and discrimination claim under Cal. Gov't Code § 12940. See Kelly-Zurian v. Wohl Shoe Co., 27 Cal.Rptr. 457, 462 (Cal.Ct.App.1994) (requiring evidence of harassment so severe or pervasive as to alter the conditions of employment, or create abusive working environment).
 
 
 5
 The district court did not err by determining that Lyons failed to present evidence to overcome the presumption under California law that her employment with Goldwell was terminable at will. See Cal. Lab.Code § 2922; Foley v. Interactive Data Corp., 765 P.2d 373, 387 (Cal.1988) (listing factors to determine whether implied-in-fact contract exists to prevent termination without good cause). Accordingly, the district court properly entered summary judgment on Lyons's breach of contract claim, see id., and on her contract claim for breach of implied covenant of good faith and fair dealing, see id. at 400 n. 39 (in at-will employment relationship, breach of implied covenant cannot be based on claim of termination without good cause).
 
 
 6
 The district court did not err by determining that Lyons's causes of action for intentional and negligent infliction of emotional distress, and wrongful termination in violation of public policy were barred by the one-year statute of limitations. See Cal.Civ.Proc.Code § 340(3). Furthermore, Goldwell is entitled to summary judgment on Lyons's claim for termination in violation of public policy, because Lyons failed to present evidence that Goldwell terminated her to retaliate for her reporting sexual harassment in violation of Cal. Gov't Code § 12940. See Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 1032-33 (Cal.1994) (requiring proof that dismissal violated a policy). We do not review the issue Lyons first raises upon appeal, that the statute of limitations was tolled because she filed complaints with the California Department of Fair Employment and Housing and Equal Employment Opportunity Commission. Cf. Komatsu, Ltd. v. States S.S. Co., 674 F.2d 806, 812 (9th Cir.1982) (appellant may not overturn summary judgment by raising issue not disclosed in trial court).
 
 
 7
 Lyons's contention for the first time on appeal that the district court should have allowed additional discovery before granting summary judgment lacks merit. Here, Lyons failed to show, first, how additional discovery would have precluded summary judgment, and, second, that she diligently pursued previous discovery opportunities. See Fed.R.Civ.P. 56(f); Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994).
 
 
 8
 Goldwell brings a motion to strike Lyons's reply brief and supplemental excerpts. We do not consider issues and evidence that Lyons raises for the first time in her reply. See Ellingson v. Burlington N., Inc., 653 F.2d 1327, 1331-32 (9th Cir.1981) (refusing to consider new material because appellee was misled and issue was not fully explored).
 
 
 9
 Given the foregoing, Lyons's appeal of the district court's denial of her motion for a jury trial is moot. Goldwell's request for attorneys' fees under Cal. Gov't Code § 12965 and sanctions under 28 U.S.C. § 1912 is denied, because Lyons's appeal is not groundless or frivolous. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Cummings v. Benco Bldg. Servs., 15 Cal.Rptr.2d 53, 55 (Cal.Ct.App.1992).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Goldwell's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3