Filed 7/23/13

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LORING WINN WILLIAMS, | |
| Plaintiff and Appellant, | E055755 |
| v. | (Super.Ct.No. CIVRS801732) |
| CHINO VALLEY INDEPENDENT FIRE DISTRICT, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County. Janet M. Frangie, Judge. Affirmed.

Loring Winn Williams, in pro. per., for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Peter J. Brown and Judith S. Islas for Defendant and Respondent.

Plaintiff and Appellant Loring Winn Williams lost a FEHA (California Fair Employment and Housing Act, Gov. Code, § 12900 et seq.) case in which he sued defendant and respondent Chino Valley Independent Fire District (the District) for employment discrimination (case No. E052123). The trial court then granted Williams's

1

motions to tax costs in part and entered an order granting the District costs of $5,368.88.

Williams appeals from the order, contending that no costs should have been allowed.

The order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).

I

ISSUE

The issue presented is whether the District, as the prevailing party, must show that Williams's claim was frivolous, unreasonable, or groundless in order to recover costs in an action for employment discrimination under FEHA.[1]

II

PROCEDURAL HISTORY

On February 25, 2008, Williams filed a complaint for damages and injunctive relief for employment discrimination and for a petition for writ of mandate. His third amended complaint was filed on November 17, 2009.

On October 13, 2010, the court partially granted Williams's motion for summary adjudication and denied the District's motion for summary judgment.

The District then filed a petition for a peremptory writ of mandate in this court. We granted the petition, and Williams's petition for review by our Supreme Court was denied on June 8, 2011.

---

[1]     Since the issues are issues of statutory interpretation, our review is de novo. (*Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765; *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215, 1221.)

The trial court followed the writ of mandate by vacating its earlier orders and granting the District's motion for summary judgment. The ensuing judgment awarded the District costs to be determined.

The District then filed its memorandum of costs on appeal, and Williams filed a motion to tax costs. The District also filed a memorandum of costs summary, and Williams filed a second motion to tax costs. Williams argued that no costs should be awarded because his disability discrimination claim was not frivolous, unreasonable, or groundless.

On November 9, 2011, the motions were heard. The first motion was granted in part. The second motion was granted in part and denied in part. After a review of applicable authorities, the trial court rejected Williams's contention that no costs were allowable. Costs totaling $5,368.88 were awarded to the District.

III

WILLIAMS'S ARGUMENT

On appeal, Williams renews his argument that no costs should have been awarded because his discrimination claim was not frivolous, unreasonable, or groundless.

Williams's argument is based on *Christiansburg Garment Co. v. E.E.O.C.* (1978) 434 U.S. 412 (*Christiansburg*), as applied in *Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383 (*Cummings*). In *Christiansburg*, our California Supreme Court interpreted section 706(k) of Title VII of the Civil Rights Act of 1964. The section currently provides: "In any action or proceeding under this title [42 USCS §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the

3

Commission or the United States, a reasonable attorney's fee [including expert fees] *as part of the costs*, and the Commission and the United States shall be liable for costs the same as a private person." (Italics added.)

Specifically, the Supreme Court focused on the question of when attorney fees should be awarded when the defendant is the prevailing party in a Title VII action. (*Christiansburg*, *supra*, 434 U.S. at p. 414.) The court found that different policy considerations and standards apply when attorney fees are requested by a prevailing plaintiff than when attorney fees are requested by a prevailing defendant. (*Id*. at pp. 417-421.)

The Supreme Court articulated the following standard: "In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (*Christiansburg*, *supra*, 434 U.S. at p. 421.)

In *Cummings*, Division Seven of the Second Appellate District reversed a trial court award of attorney fees and costs to a prevailing defendant in an age discrimination case. (*Cummings*, *supra*, 11 Cal.App.4th 1383.) The court said: "Attorney fees are allowable as costs to a prevailing party when authorized by statute. [Citations.] Government Code section 12965 authorizes an award of attorney fees and costs to the prevailing party in any action brought under [FEHA]. That section provides in pertinent part: [¶] 'In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs except where such action is filed

4

by a public agency or a public official, acting in an official capacity.'[2] [¶] The language, purpose and intent of California and federal antidiscrimination acts are virtually identical. Thus, in interpreting FEHA, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under title VII of the federal Civil Rights Act, 42 United States Code section 2000e et seq., and under the federal Age Discrimination in Employment Act (ADEA), 29 United States Code section 621 et seq. [Citations.] A trial court's award of attorney fees and costs under this section is subject to an abuse of discretion standard. [Citations.]" (*Cummings*, at pp. 1386-1387.)

Following *Christiansburg*, the court found that the plaintiff's claim was not frivolous, unreasonable, or groundless. It therefore found that the trial court abused its discretion and reversed the award of "costs and fees" to the prevailing defendant. (*Cummings*, *supra*, 11 Cal.App.4th at p. 1388.)

Williams therefore contends that the same standard should apply here, at least in disability discrimination cases. He cites several federal cases in which the courts have applied *Christiansburg* in FEHA and ADA (Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.) cases.

In *Brown v. Lucky Stores* (9th Cir. 2001) 246 F.3d 1182 (*Brown*), the court considered a claim for dismissal for alcoholism under ADA and FEHA. The court found

---

**2**     This portion of Government Code section 12965, subdivision (b) now reads: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."

5

no ADA or FEHA violation.  (*Brown,* at pp. 1187, fn. 1, 1189.)  Regarding costs, the court held that the attorney fee provision of ADA, 42 U.S.C. 12205, is governed by *Christiansburg*.  (*Brown*, at p. 1190.)  It concluded:  "Because [section] 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA.  [Citations.]"[3]  (*Brown*, at p. 1190.)

Williams also cites *Estate of Martin v. California Dept. of Veterans Affairs* (9th Cir. 2009) 560 F.3d 1042 (*Martin*).  The court cited *Brown* and noted that "the ADA makes fees and costs parallel and [we] held that, as a result, the *Christiansburg* standard does apply to costs under the ADA.  [Citation.]" (*Martin*, at p. 1052.)  However, because of statutory differences between the cost provisions of ADA and Title VII, the court held that the *Christiansburg* standard does not apply to awards of costs under the Rehabilitation Act.  (*Martin*, at p. 1052.)

Of significance here, the court found that, considering statutory similarities, it was appropriate to use the Title VII precedents to apply to the Rehabilitation Act.  (*Martin*, *supra*, 560 F.3d at p. 1052.)  The court stated that the Rehabilitation Act "text makes an attorney fee award discretionary; if given, it may be made a part of the costs.  The text does not suggest that '*the* costs' are similarly discretionary, but rather that they are a given, to which fees *may* attach.  Accordingly, the wording of the statute supports an

---

**3**     Section 12205 provides:  "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

inference that the general provision in Rule 54(d)(1) of the Federal Rules of Civil Procedure—that costs are allowed in the ordinary course to the prevailing party—applies. Rule 54(d)(1) 'creates a presumption in favor of awarding costs to a prevailing party.' [Citation.]" (*Id*. at p. 1053.) The case is therefore not helpful to Williams's argument.

IV

THE DISTRICT'S ARGUMENT

In response, the District contends that *Christiansburg* is inapplicable and that it is entitled to recover its "ordinary costs" under Code of Civil Procedure section 1032, subdivision (b). That subdivision states: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

The District relies on *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671 (*Perez*); *Knight v. Hayward Unified School District* (2005) 132 Cal.App.4th 121 (*Knight*); and *Baker v. Mulholland Security and Patrol, Inc.* (2012) 204 Cal.App.4th 776 (*Baker*).

In *Perez*, a nurse at a correctional facility sued the County of Santa Clara for racial discrimination and retaliation under FEHA. (*Perez*, *supra*, 111 Cal.App.4th at p. 673.) After she lost the suit, the county filed a cost bill, which did not include attorney fees. (*Id*. at p. 679.) The trial court applied *Christiansburg* and denied the request.

The Sixth District reversed the trial court and remanded for a cost determination. (*Perez*, *supra*, 111 Cal.App.4th at p. 673.) In discussing *Cummings*, the court first addressed the statutes and concluded that Government Code section 12965 did not state

an exception to the general rule of Code of Civil Procedure, section 1032, subdivision (b) quoted above. (*Perez*, at p. 679.)

*Perez* agreed with *Cummings* that Government Code section 12965 is the governing section, but it disagreed with the *Cummings* interpretation of that section.[4] Specifically, it said: "We disagree that [Government Code] section 12965[, subdivision] (b) states an exception to the general rule of Code of Civil Procedure section 1032[, subdivision] (b), as it does not expressly *disallow* recovery of costs by prevailing defendants. [Citation.]" (*Perez*, *supra*, 111 Cal.App.4th at p. 679.)

The *Perez* court did not apply *Christiansburg* because it dealt with an attorney fee award, not costs. It criticized *Cummings* for applying *Christiansburg* to the question of costs: "We find this blending of fees and costs to be unnecessary and inappropriate. Several federal courts themselves have refused to apply the *Christiansburg* test for recovery of defense attorney fees to ordinary litigation expenses. [Citations.]" (*Perez*, *supra*, 111 Cal.App.4th at pp. 680-681, fn. omitted.)

The *Perez* court concluded that "ordinary litigation costs are recoverable by a prevailing FEHA defendant even if the lawsuit was not frivolous, groundless, or unreasonable." (*Perez*, *supra*, 111 Cal.App.4th at p. 681.) Accordingly, it affirmed the trial court's decision and remanded to permit the trial court to exercise its discretion on the county's request for costs. (*Ibid.*)

---

**4**      See footnote 2, *ante*, page 5.

8

The second case cited by the District is *Knight*, *supra*, 132 Cal.App.4th 121. In that case, a teacher brought a disability discrimination claim under FEHA against his school district. (*Knight*, at p. 124.) The teacher lost his case, and the school district asked for costs under Government Code section 12965, subdivision (b). (*Knight*, at p. 134.) The trial court awarded costs to the school district. (*Ibid*.)

On appeal, the First Appellate District, Division Two disagreed with *Cummings* and followed *Perez*. (*Knight*, *supra*, 132 Cal.App.4th at p. 135.) It said: "Unlike the court in *Cummings*, which did not focus on costs, and simply assumed they should be treated in the same manner as attorney fees, the *Perez* court explained that the policies justifying the *Christiansburg* standard for awarding attorney fees to a prevailing defendant do not persuasively apply to the award to such a party of costs. For that reason, and because we believe its reasoning persuasive, we agree with *Perez*. It is true that costs may in some FEHA cases be considerable, and that equitable considerations may warrant the denial of a cost award, but *Perez* does not prevent nonprevailing plaintiffs from pleading and demonstrating that such an award would impose undue hardship or otherwise be unjust, and should therefore not be made, and we are unwilling to assume trial judges would turn a deaf ear to such equitable claims." (*Id*. at pp. 135-136.) The court therefore affirmed the trial court's award of costs. (*Id*. at pp. 134, 136.)

The third case relied on by the District is the recent case of *Baker*, *supra*, 204 Cal.App.4th 776. The defendant was the prevailing party and sought expert witness fees as costs under Government Code 13965, subdivision (b) even though the action was not unreasonable, frivolous, or vexatious. The trial court held that expert witness fees may

9

be awarded to a prevailing FEHA defendant without requiring a showing that the plaintiff's claim was frivolous. (*Baker*, at p. 782.)

The Second Appellate District, Division Eight, reversed the trial court and held that the standard applicable to attorney's fees should apply to expert witness fees claimed as costs. (*Baker*, *supra*, 204 Cal.App.4th at p. 783.) "Expert fees, just like attorney's fees, are not ordinary litigation costs which are routinely shifted under Code of Civil Procedure sections 1032 and 1033.5. Like attorney's fees, expert fees should be treated differently than ordinary litigation costs because they can be expensive and unpredictable, and could chill plaintiffs from bringing meritorious actions." (*Ibid*.) It concluded that expert witness fees, like attorney fees are not recoverable as a matter of right, as are ordinary litigation expenses. (*Id*. at pp. 783-784.) Accordingly, the *Christiansburg* standard is applicable to attorney fees and expert witness fees awarded as costs. (*Baker*, at p. 784.)

V

THE TRIAL COURT'S DECISION

Following a hearing on November 9, 2011, the trial court reviewed the arguments of the parties; quoted extensively from *Cummings*, *Perez*, and *Knight*; and said, "The *Perez* and *Knight* cases are better reasoned. The *Cummings* court did not make a distinction between attorney fees as costs and ordinary costs. Considering that even federal courts have declined to follow *Christiansburg* with respect to ordinary litigation expenses, the court determines that Defendant may claim its ordinary litigation costs [without] a finding that Plaintiff's claim was frivolous or groundless." The reasoning of

10

the minute order was subsequently incorporated into the final order. Accordingly, the trial court taxed some costs and awarded the District costs of $5,368.88.

DISCUSSION

We agree with the trial court and the District that ordinary costs are recoverable as a matter of right under Code of Civil Procedure section 1032. When attorney fees or expert witness fees are claimed by the prevailing defendant in FEHA litigation, they may be awarded as costs only if the *Christiansburg* standard is met because they can be more expensive and unpredictable than ordinary costs and could discourage plaintiffs from filing meritorious actions. (*Baker*, *supra*, 204 Cal.App.4th at p. 783.) These considerations are not applicable to the other ordinary costs listed in Code of Civil Procedure section 1033.5.

We also agree with *Perez* that Government Code 12965 does not state an exception to section Code of Civil Procedure section 1032, subdivision (b) and that ordinary costs are therefore recoverable under that section. (*Perez*, *supra*, 111 Cal.App.4th at p. 679.) And we agree with the conclusion of *Perez* that "ordinary litigation costs are recoverable by a prevailing FEHA defendant even if the lawsuit was not frivolous, groundless or unreasonable." (*Id.* at p. 681.)

Although attorney fees and expert witness fees are part of a cost award (§ 1033.5), the *Christiansburg* rationale should not be extended to routine costs by indiscriminately lumping attorney fees and routine costs together. We agree with *Perez* and *Knight* that

11

this was the error of *Cummings*.  (*Perez*, *supra*, 111 Cal.App.4th at pp. 680-681; *Knight*, *supra*, 132 Cal.App.4th at p. 135.)

Williams asserts three arguments based on federal precedents.  First, he argues that California courts are required to follow ADA law and federal precedents.  Second, federal courts apply *Christiansburg* to cost claims under both ADA and FEHA.  Third, he argues that recent California cases require application of federal precedent in this situation.

The first argument rests on Government Code sections 12993, subdivision (a) and 12926.1, as well as California Code of Regulations, section 7285.1.

Government Code 12993, subdivision (a) states the general principle that the provisions of FEHA must be liberally construed to accomplish its purpose.  (See generally *Robinson v. Fair Employment & Housing Com.* (1992) 2 Cal.4th 226, 233, 243.)

Government Code section 12926.1, subdivision (a) provides:  "The law of this state in the area of disabilities provides protections independent from those in the federal [ADA].  Although the federal act provides a floor of protection, this state's law has always, even prior to passage of the federal act, afforded additional protections."

California Code of Regulations, section 7285.1, subdivision (b) states:  "Except as required by the Supremacy Clause of the United States Constitution, federal laws and their interpretations regarding discrimination in employment and housing are not determinative of the construction of these rules and regulations and the California statutes

which they interpret and implement but, in the spirit of comity, shall be considered to the extent practical and appropriate."

These general principles of interpretation of FEHA do not support Williams's argument that California courts are *required* to follow ADA law and federal precedents.

Williams cites the leading case of *Guz v. Bechtel* (2000) 24 Cal.4th 317, but that case does not advance his position. In *Guz*, our Supreme Court said, "Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes. [Citation.]"

Similarly, in *Brown*, *supra*, 246 F.3d 1182, the court said, "California courts use federal court decisions concerning the ADA to interpret analogous provisions of the FEHA. [Citation.]" (*Id*. at p. 1187, fn. 1; see also *Knight*, *supra*, 132 Cal.App.4th at p. 130.)

However, other than binding United States Supreme Court decisions,[5] there is a significant difference between considering federal law and precedent, which we have done, and being bound by it. "[W]hile federal authority may be regarded as persuasive, California courts are not bound by decisions of federal district courts and courts of appeals. [Citations.]" (*People v. Uribe* (2011) 199 Cal.App.4th 836, 875.) We therefore reject the argument that we are required to follow federal statutes and lower federal court decisions.

---

[5] As discussed above, *Christiansburg* is not binding because it deals with attorney fee awards as part of a cost award, but it does not deal with an award of ordinary litigation costs.

Williams's second argument is that federal courts apply *Christiansburg* to cost claims under both ADA and FEHA. Williams relies on the *Brown* and *Martin* cases discussed above, as well as *Dow v. Lowe's Home Improvement, Inc.*, 2007 U.S. Dist. LEXIS 101223 (N.D. Cal. Jan. 23, 2007).

As detailed above, *Brown* and *Martin* did apply the *Christiansburg* test to an award of costs to a prevailing ADA defendant.[6] (*Brown*, *supra*, 246 F.3d 1182; *Martin*, *supra*, 560 F.3d 1042.) In *Martin*, however, *Christiansburg* was not applied to a cost award under the Rehabilitation Act. (*Martin*, at p. 1052.)

*Dow* was an order on a motion for costs in an ADA/FEHA disability action. The district court commented that *Christiansburg* applied to an ADA cost award, and "[t]he same standard governs a prevailing defendant's claim for attorney's fees and costs under FEHA." (*Dow v. Lowe's Home Improvement, Inc.*, *supra*, LEXIS 101223 at p. 2.) It cited *Cummings* to support this assertion but did not discuss either *Perez* or *Knight*.

The District cites several federal cases to demonstrate that there is not a general federal rule that "in all types of discrimination cases, a prevailing defendant is only entitled to costs if the *Christiansburg* standard is met."

For example, in *Byers v. Dallas Morning News, Inc.* (5th Cir. 2000) 209 F.3d 419, the court found that "the standard procedure [in Title VII cases] is to award costs to the prevailing party in Title VII suits. . . . Furthermore, this court has held that the

---

**6**    *Brown* concerned an attorney fee award and is therefore not persuasive in its application to ordinary costs. (*Brown*, *supra*, 246 F.3d at p. 1190.)

14

*Christiansburg* standard for determining whether a defendant is a prevailing party under Title VII does not apply to an award of costs. [Citation.]" (*Id*. at p. 430.)

The District also points out that the Ninth Circuit has held that *Christiansburg* does not apply to an award of ordinary litigation costs under Title VII. (*National Organization for Women v. Bank of California, Nat. Assn.* (9th Cir. 1982) 680 F.2d 1291.) The Ninth Circuit said: "There is no express statutory provision for applying *Christiansburg* to cost awards, and we see no reason to impose rigid limitations on the district court's discretion." (*Id*. at p. 1294; see also *Delta Airlines, Inc. v. Colbert* (7th Cir. 1982) 692 F.2d 489, 490-491.)

We agree with the District that each case—state or federal—depends upon the statutory authority it cites for the cost award.[7] Since we find no applicable general rule, we reject Williams's second argument that federal courts apply *Christiansburg* to cost claims under both ADA and FEHA.

Williams's third argument is that recent California cases require application of federal precedent in this situation. Under this heading, he cites *Baker*, *supra*, 204 Cal.App.4th 776 and *Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047.

As discussed above, *Baker* applied the *Christiansburg* standard to an award of expert witness fees as costs. It held that for policy reasons such fees should be treated like an attorney fee award, and not like ordinary costs. (*Baker*, *supra*, 204 Cal.App.4th at

---

[7]    *Christiansburg*, *supra*, 434 U.S. at pages 418 through 422 interpreted section 706(k) of Title VII. (42 U.S.C. § 2000e-5(k).)

pp. 783-784.) Since the case does not apply to an award of ordinary costs and differentiates ordinary costs from attorney fee awards it does not advance Williams's argument.

In *Turner*, the defendant prevailed in an action under Civil Code sections 54 et seq., the Disabled Persons Act; the defendant sought an attorney's fee award. (*Turner v. Association of American Medical Colleges*, *supra*, 193 Cal.App.4th at pp. 1053, 1054.) The court considered a conflict between Civil Code section 55 and Civil Code sections 52 and 54.3, analyzed public policy considerations, and concluded that sections 52 and 54.3 prevail over section 55. (*Turner*, at pp. 1069-1073.) The court cited *Christiansburg* for its settled rule that the case applied to attorney fee awards. (*Turner*, at p. 1069.) But it rejected the defendant's argument that *Christiansburg* applied to section 55 actions. (*Turner*, at pp. 1070-1071.) It noted that a Title VII litigation was different from "access litigation" under Civil Code section 52, 54.3, or 55. The plaintiff could therefore choose a section that exposed himself to the possibility of fee awards (Civ. Code, § 55) or not (Civ. Code, §§ 52 or 54.3). (*Turner*, at pp. 1070-1071.) *Turner* does not strengthen Williams's position because it supports the District's general position that the provisions of the specific statute in issue govern.

The specific cost statutes at issue in this case are Government Code section 12965, subdivision (b)[8] and Code of Civil Procedure section 1032. While Government Code section 12965, subdivision (b) now applies to attorney fee and expert fee awards, it does

---

[8]     See footnote 2, *ante*, page 5.

not apply to the other costs listed in Code of Civil Procedure section 1033.5. And, as Code of Civil Procedure section 1032 provides, the ordinary costs are obtainable by the prevailing defendant as a matter of right, and they are not subject to *Christiansburg*. (*Perez*, *supra*, 111 Cal.App.4th at pp. 680-681; *Knight*, *supra*, 132 Cal.App.4th at pp. 135-136.)

The District cites *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985. That case arose under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) The defendants prevailed and were awarded costs and expert witness fees under Code of Civil Procedure sections 998, subdivision (c) and 1032, subdivision (b). (*Murillo*, at p. 988.) The plaintiff argued that the more specific provisions of the Song-Beverly Consumer Warranty Act prevented any such recovery. (*Murillo*, at p. 988.) Our Supreme Court disagreed and held that those sections did not provide a specific exception to Code of Civil Procedure section 1032, subdivision (b).

We agree with defendant here that *Murillo* is analogous to the situation in this case. *Perez* characterized *Murillo* as follows: "mere absence of costs provision for prevailing sellers in Civil Code section 1794, subd. (d) does not constitute exception to Code of Civil Procedure section 1032[, subdivision] (b)." (*Perez*, *supra*, 111 Cal.App.4th at p. 679.)

As discussed above, *Perez* holds that Government Code section 12965 does not state a general exception to the general rule of Code of Civil Procedure section 1032. Accordingly, Code of Civil Procedure section 1032 prevails.

The trial court therefore correctly found that the District should be granted the ordinary costs claimed in its cost memorandum, as modified by the court, without a showing that the action was frivolous, unreasonable, or without foundation.

## VII

## DISPOSITION

The judgment is affirmed.  The District is awarded its costs on appeal.

CERTIFIED FOR PUBLICATION


RICHLI
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

18