Filed 9/25/23  Liza v. CKE Restaurants Holdings CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| CARMEN LIZA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CKE RESTAURANTS HOLDINGS, INC., et al.,<br><br>    Defendants and Appellants. | B313111<br>B317323<br>B318082<br><br>(Los Angeles County Super. Ct. No. BC666232) |

APPEALS from judgments and postjudgment orders of the Superior Court of Los Angeles County.  Richard J. Burdge, Judge. Affirmed.

Employee Justice Legal Group, Kaveh S. Elihu and Sylvia V. Panosian for Plaintiff and Appellant.

Littler Mendelson, Fermin H. Llaguno, Heather M. Vigil and Miko Sargizian for Defendants and Appellants.

_____

Carmen Liza (plaintiff) appeals from summary judgments entered in favor of CKE Restaurant Holdings, Inc. (CKE), Carl's Jr. Restaurants, LLC (Carl's Jr.), and Akash Management, LLC (Akash) (collectively defendants). Plaintiff, a former employee, sued defendants for disability discrimination under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.)[1] and related causes of action.

Defendants appeal from the trial court's postjudgment orders denying their motion for attorney fees and granting plaintiff's motion to strike and tax costs.

Discussing each appeal in turn, we affirm the summary judgment. We also affirm the postjudgment orders denying the motion for attorney fees and granting the motion to strike and tax costs. We do not consider new issues raised by the parties in their reply briefs. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.)

## PLAINTIFF'S APPEAL
## FACTUAL AND PROCEDURAL BACKGROUND

In November 2014, plaintiff worked as a cook at a Carl's Jr. restaurant (Unit 66). Her work performance was satisfactory. On March 6, 2016, plaintiff was placed on medical leave after being injured at a second job.[2] Plaintiff was scheduled to return to Unit 66 on April 24, 2016, with some restrictions. In her deposition, plaintiff testified she showed up ready to work on April 23, 2016, but her supervisor said an April 7, 2016 letter had

---

[1] Undesignated statutory references refer to the Government Code.

[2] Plaintiff's deposition testimony reveals she injured her back on March 6, 2016, while working at a Marriott Hotel.

been sent to plaintiff terminating her employment. Plaintiff testified she did not see this letter until weeks later. Plaintiff testified her supervisor said the new owner did not want her because she was injured. Plaintiff testified her coworkers had retained their jobs as of April 23, 2016. Plaintiff testified she saw them all that day working at Unit 66. Plaintiff alleged she lost her job because of her disability, requests for accommodation, and use of her medical leave.

CKE owns Carl's Jr. On April 18, 2016, Akash purchased 28 Carl's Jr. restaurants, including Unit 66, to operate as franchises. The sale was part of Carl's Jr.'s transition from a corporate to a franchise model. On the day of the sale, Carl's Jr. terminated all employees, including plaintiff, at the purchased restaurants. The restaurants then closed briefly. The next day, Unit 66 and the other 27 restaurants reopened as Carl's Jr. franchises with new employees hired by Akash. Plaintiff was not among them.

On April 12, 2017, plaintiff filed an administrative complaint of employment discrimination against CKE with the Department of Fair Employment and Housing (DFEH). She received a right-to-sue notice the same day. Plaintiff also filed a civil suit against CKE.

Later, plaintiff filed successive amendments to her DFEH complaint, adding first Carl's Jr. and then Akash as respondents. Plaintiff filed successive amendments to her civil suit, adding the same two corporations as defendants.

Plaintiff's first amended complaint became the operative pleading. It alleged five causes of action against defendants for various FEHA causes of action, and causes of action for wrongful termination in violation of public policy, declaratory judgment,

3

and failure to permit inspection of personnel and payroll records. An additional cause of action for failure to hire in violation of FEHA was alleged solely against Akash. Plaintiff sought punitive damages against defendants.

Defendants each filed an answer. Among their affirmative defenses, Carl's Jr. and Akash alleged plaintiff failed to exhaust her administrative remedies under FEHA. CKE and Akash asserted they were not plaintiff's employer.

Defendants filed separate summary judgment or adjudication motions on plaintiff's first amended complaint and their affirmative defenses. Following a hearing, the trial court issued a 14-page order granting defendants' summary judgment motions.[3] The court later entered judgments for defendants. Plaintiff timely appealed.

## DISCUSSION

On appeal, plaintiff raises many purported errors by the trial court in granting defendants' summary judgment motions. Plaintiff claims the motions should have been denied because (1) she exhausted her DFEH administrative remedies against Carl's Jr. and Akash; (2) CKE and Akash were her employers; (3) there was a triable issue that Akash refused to hire her in violation of FEHA; (4) defendants misused the civil discovery process; (5) her wrongful termination in violation of public policy cause of action survived summary adjudication of her FEHA causes of action; and (6) she was entitled to inspection of defendants' personnel and payroll records.

---

[3] The trial court made evidentiary rulings, which plaintiff is not contesting on appeal.

4

As we discuss below, plaintiff failed to exhaust her administrative remedies against Carl's Jr. and Akash. She is, therefore, precluded from exercising a private right of action to enforce any FEHA claims against those two defendants. What remains to be addressed is whether CKE was her employer and plaintiff's claims of error (4) through (6) have merit.

A.    **Governing Law and Standard of Review**

A party in a civil case is entitled to summary judgment if, among other things, the party can show the undisputed facts "establish[] an affirmative defense" "as a matter of law." (Code Civ. Proc., § 437c, subds. (c) & (o)(2).) Thus, summary judgment is appropriate where the undisputed facts establish that a claim is barred by the failure to exhaust administrative remedies in the FEHA context. (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724.) We independently review a trial court's grant of summary judgment. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

B.    **Plaintiff Failed To Exhaust Her Administrative Remedies Before Suing Carl's Jr. and Akash**

An employee aggrieved by an employer's discriminatory conduct who wishes to file a civil suit under the FEHA must first exhaust available administrative remedies and obtain a right-to-sue notice.[4] (*Basurto v. Imperial Irrigation Dist.* (2012) 211

---

[4] Exhaustion of administrative remedies is "a jurisdictional prerequisite" in the sense that it is a "precondition" to bringing a civil action for statutory damages under FEHA. It does not go to the trial court's subject matter jurisdiction. (*Kim v. Konad USA Distribution, Inc.* (2014) 226 Cal.App.4th 1336, 1345.) In other words, failure to exhaust may result in the trial court's lack of authority to decide a case, not in its lack of power.

Cal.App.4th 866, 879; *Martin v. Lockheed Missiles & Space Co.*, *supra*, 29 Cal.App.4th at p. 1724.) This entails filing a written charge with the DFEH within one year of the alleged unlawful practice and obtaining a right-to-sue notice. (§ 12960, former subd. (d).)[5] The charge consists of "a verified complaint, in writing, that shall state the name and address of the . . . employer . . . alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the [DFEH]." (§ 12960, subd. (c).) DFEH can then either pursue the matter itself (§§ 12930, subd. (f), 12965, subd. (a)) or notify the complainant—at the latest within 150 days of filing the complaint—that DFEH will not be taking any further steps. (§ 12965, subd. (c)(1)(A).) If DFEH elects this latter course, it must at the same time inform the employee of the right to request a right-to-sue notice. (*Ibid*.) The employee can also request and obtain an immediate right-to-sue notice, thereby waiving a DFEH investigation, which is what happened here. (Cal. Code Regs., tit. 2, § 10005.)

Plaintiff filed her DFEH complaint on April 12, 2017, naming CKE in the caption, as the lone respondent and alleging: "On or around April 23, 2016, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Retaliation, Denied a good faith interactive process, Denied a work environment free of

---

[5] Effective January 1, 2020, the Legislature amended section 12960 to "enlarge[] the time for filing a [DFEH] claim to three years from the date of the challenged conduct." (*Brome v. Dept. of the California Highway Patrol* (2020) 44 Cal.App.5th 786, 793, fn. 2; see § 12960, subd. (e)(5).)

6

discrimination and/or retaliation, Denied reasonable accommodation, Terminated, other, failure to re-hire [*sic*]. Complainant believes respondent committed these actions because of their [*sic*]: "Disability, Engagement in Protected Activity."

The body of plaintiff's DFEH complaint read in its entirety: "On or about November 2014, [complainant] was hired to work by [CKE]. On March 6, 2016, [complainant] was injured, and thereafter received treatment and medical care, and as a result was forced to take medical leave. [Complainant] advised her supervisor, Sarai Doe, of her injuries, and advised her that she was put off work by her doctor, and provided all of [*sic*] the necessary medical documentation necessary [*sic*]. [Complainant] updated her supervisors, including but not limited to Sarai Doe, Jessica Doe, and Olivia Doe in regard to [*sic*] her medical treatment and medical leave. [Complainant's] leave ended on April 23, 2016, and she was released to work with minor restrictions on April 24, 2016. On or about April 23, 2016, [complainant's] employment was terminated in discrimination of her disabilities/perceived disabilities, request for accommodation(s), medical condition, medical leave, and in retaliation for her engagement in protected activities with respect to those protected classes."

As her DFEH complaint showed, plaintiff's termination, the basis of her FEHA claims, took place in April 2016. However, plaintiff did not amend her DFEH complaint to specifically name Carl's Jr. until August 3, 2017, and Akash until September 18, 2018. Both amendments were well over a year later. From these undisputed facts and our Division Five colleagues' decision in *Cole v. Antelope Valley Union High School*

7

*Dist.* (1996) 47 Cal.App.4th 1505 (*Cole*), the trial court concluded the amended DFEH complaint against Carl's Jr. was untimely; plaintiff failed to exhaust her administrative remedies.

Plaintiff resists this conclusion. She acknowledges having missed the one-year deadline to name Carl's Jr. and Akash in the original DFEH complaint and filing the amendments more than a year later. Nonetheless, plaintiff insists she exhausted her administrative remedies pursuant to the decision of *Clark v. Superior Court* (2021) 62 Cal.App.5th 289, 292–293 (*Clark*).

California courts have consistently held that, to be named in a lawsuit under FEHA, a defendant must be named in the body or the caption of a previously submitted DFEH complaint. In *Cole*, the appellate court held a lawsuit could proceed against a defendant named in the caption of the DFEH complaint, but not against two defendants nowhere named in the complaint. (*Cole, supra*, 47 Cal.App.4th at p. 1511; see also *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1061 [lawsuit could not proceed against individuals not named in the DFEH complaint]; *Medix Ambulance Service, Inc. v. Superior* Court (2002) 97 Cal.App.4th 109, 118 [lawsuit could not proceed against defendants not named in the DFEH complaint's caption or body]; *Alexander v. Community Hospital of Long Beach* (2020) 46 Cal.App.5th 238, 251 [same]; *Saavedra v. Orange County Consolidated Transportation etc. Agency* (1992) 11 Cal.App.4th 824, 827 [lawsuit could proceed against a defendant supervisor described in the body of the DFEH complaint, although the caption named only the defendant employer]; *Martin v. Fisher* (1992) 11 Cal.App.4th 118, 119 [same].)

In *Clark*, the appellate court addressed the legal consequences of a defendant who was misnamed in the DFEH

8

complaint. The court held, although the plaintiff failed to use the defendant employer's legal name, the name placed in the DFEH's caption was sufficiently similar to the employer's actual fictitious business name. The plaintiff thereby exhausted the requisite administrative remedies because an administrative investigation would have identified the employer. (*Clark, supra,* 62 Cal.App.5th at pp. 305–306; *Guzman v. NBA Automotive, Inc.* (2021) 68 Cal.App.5th 1109, 1117 [same].)

In this case, undisputed material facts establish plaintiff failed to exhaust her administrative remedies. Neither Carl's Jr. nor Akash appeared anywhere in plaintiff's original DFEH complaint. CKE was not a fictitious business name for either Carl's Jr. or Akash. In fact, plaintiff's deposition testimony, her W2 forms, and paystubs identified Carl's Jr. as her employer. The three "Doe" supervisors referenced in the DFEH complaint were not named defendants in plaintiff's FEHA causes of action. Plainly, plaintiff's amended DFEH complaint against Carl's Jr. and Akash is untimely as a matter of law.

Finally, plaintiff's attempt to invoke the "relation back" doctrine is futile. To be sure, the doctrine can render timely an otherwise untimely amendment to a DFEH complaint "only if the factual allegations in the original DFEH complaint are 'able to bear the weight of the new theory added by amendment.' " (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1003–1004.) Plaintiff provides no authority for her contention that an amendment adding one or more new respondents to a DFEH complaint relates back to the original complaint. (See *Ortiz v. Sodexho, Inc.* (S.D. Cal., July 26, 2011, No. 10-CV-2224 JLS RBB) 2011 U.S. Dist. Lexis 81065, 2011 WL 3204842 [in FEHA context,

9

a DFEH complaint shall not be amended to add a new respondent after the statute of limitations has expired].)

**C.     CKE Was Not Plaintiff's Employer**

Plaintiff's first amended complaint alleged CKE and Akash as well as Carl's Jr. were her employers.  Plaintiff's theory was the business relationships shared by the three entities made them subject to alter ego, agency, joint employer, successor in interest, or integrated enterprise liability for plaintiff's alleged unlawful termination.  Unpersuaded, the trial court concluded there was no triable issue that neither CKE nor Akash was plaintiff's employer.  Pertinent here, the court found "CKE owns Carl's Jr.," but "[i]t is undisputed that CKE and Carl's Jr. are separate business entities under the law."

On appeal, plaintiff contends the trial court erred by failing to consider one or more of her proffered theories.  Given our conclusion that plaintiff cannot proceed against Akash (and Carl's Jr.), we limit our analysis to whether CKE and Carl's Jr. constituted an integrated enterprise or a single entity.  It is the only theory that plaintiff now argues to justify her contention that CKE was her employer.

California law presumes corporate entities have separate existences.  (*Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 737 (*Laird*) ["there is a strong presumption that a parent company is not the employer of its subsidiary's employees"].)  To determine whether two corporations should be viewed instead as a single entity, courts apply the " 'integrated enterprise' test."  This test originated in federal courts and was first used in a state court by the *Laird* court.  (*Ibid*.)  The integrated enterprise test consists of four factors: (1) interrelation of operations; (2) common management;

10

(3) centralized control of labor relations; and (4) common ownership or financial control. (*Ibid.*) Common ownership or control alone are not sufficient to establish an integrated enterprise. (*Id.* at p. 738.) The most important factor is " ' "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" [Citation.] A parent's broad general policy statements regarding employment matters are not enough to satisfy this prong. [Citation.] To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary.' " (*Ibid.*)

Plaintiff urges the integrated enterprise test was satisfied here because (1) CKE processed and stored plaintiff's separation report and leave of absence forms that had been completed and sent by plaintiff's Unit 66 supervisor; (2) executive officers of CKE and Carl's Jr. worked at the same corporate offices; (3) some employees testified they worked for both corporations; and (4) CKE provided health care benefits to Carl's Jr. employees. Similar assertions were made and rejected as inadequate by the *Laird* court. (*Laird, supra,* 68 Cal.App.4th at pp. 738–741.) Plaintiff's showing was insufficient to raise a triable issue under the integrated enterprise test.

## D.    Plaintiff's Remaining Claims Are Without Merit

Plaintiff's contention that defendants misused the discovery process is without support in the record. Plaintiff's contention that her cause of action for wrongful termination in violation of public policy survives summary judgment in the absence of a finding of a FEHA violation is simply wrong; it is a derivative of plaintiff's FEHA disability discrimination and retaliation causes of action. (*Glynn v. Superior Court* (2019) 42 Cal.App.5th 47, 56.) As for plaintiff's claim that she was entitled

11

to her payroll and personnel records from defendants, it is undisputed plaintiff never requested them. In sum, the trial court properly granted defendants summary judgment.

**DEFENDANTS' APPEAL**

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2018, defendants served plaintiff with an offer to compromise under Code of Civil Procedure section 998 (section 998). The section 998 offer provided that in exchange for payment of $100,000, plaintiff would file a request for dismissal of all claims with prejudice. The offer expired without plaintiff having served an acknowledgment or objections.

Following entry of judgments, as the prevailing parties on the FEHA claims, defendants jointly sought attorney fees and costs pursuant to Government Code section 12965. They argued plaintiff's lawsuit was "unreasonable, frivolous and meritless." As the prevailing parties, defendants jointly requested the same attorney fees and costs pursuant to the fee shifting provisions of Code of Civil Procedure section 998. Defendants' memorandum of costs totaled $350,155.51 in attorney fees and $39,300.75 in costs.

Plaintiff opposed defendants' request for attorney fees and costs, arguing her lawsuit was not "frivolous, unreasonable, or groundless" and defendants acted in bad faith and with unclean hands.

Following a November 12, 2021 hearing, the trial court denied defendants' motion for attorney fees.[6]  Defendants timely appealed.

Plaintiff moved to strike and tax defendants' costs.  She argued defendants should be barred from recovering their costs for several reasons:  (1) Her lawsuit was "not frivolous, without foundation or unreasonable" under Government Code section 12965; (2) defendants' Code of Civil Procedure section 998 offer was premature and invalid, and (3) plaintiff lacked the financial resources to pay defendants' costs.

Defendants opposed plaintiff's motion to strike and tax costs, arguing plaintiff failed to meet her burden to show defendants' costs were not reasonably incurred in a reasonable amount.  Additionally, defendants asserted that section 12965, as amended and effective on January 1, 2019, did not apply retroactively to lawsuits like this one, filed before that date.

At the conclusion of a December 23, 2021 hearing, the trial court granted plaintiff's motion to strike and tax costs in its entirety.  Defendants timely appealed.

## DISCUSSION

### A.    Governing Law and Standard of Review

The prevailing party in civil litigation is entitled to recover costs, except as otherwise provided by statute.  (Code Civ. Proc., § 1032, subds. (a)(4), (b).)[7]  Attorney fees are allowable as costs to

---

[6] Although defendants moved for attorney fees and costs, the trial court ruled only on defendants' request for $350,155.51 in attorney fees.

[7] Code of Civil Procedure section 1032, subdivision (a)(4) states:  " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is

13

a prevailing party when authorized by statute. (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10)(B).)[8]

Code of Civil Procedure section 998 alters the allocation of costs awarded in civil litigation with the goal of promoting pretrial settlement. (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1019 [intent of Code Civ. Proc. § 998 is to encourage settlement of lawsuits before trial].) To that end, the statute provides that "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." (Code Civ. Proc., § 998, subd. (c)(1).)

FEHA, however, has its own provision for awarding attorney fees and costs. Government Code section 12965 reads in pertinent part: "In civil actions brought under this section, the

---

entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." Code of Civil Procedure section 1032, subdivision (b) states: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

[8] Code of Civil Procedure section 1021 states: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." Code of Civil Procedure section 1033.5, subdivision (c) states: "An award of costs shall be subject to the following: [¶] . . . [¶] (3) Allowable costs shall be reasonable in amount."

14

court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs . . . except that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." (Gov. Code, § 12965, subd. (c)(6).)[9]

The burden is on the prevailing defendant seeking an award of attorney fees and costs to show plaintiff's FEHA claims were frivolous, unreasonable, or unfounded. (*Lopez v. Routt* (2017) 17 Cal.App.5th 1006, 1009.) This showing must also be made by a FEHA defendant, who is treated as a prevailing party by virtue of the plaintiff's rejection of a section 998 offer and the plaintiff's failure to obtain a more favorable judgment than the offer. (*Mangano v. Verity, Inc.* (2008) 167 Cal.App.4th 944, 948–951 [a defendant is not entitled to attorney fees and costs simply because the plaintiff lost the FEHA lawsuit].)

---

[9] The portion of section 12965 making a prevailing defendant's attorney fees and costs subject to the trial court's finding a lawsuit was frivolous became effective on January 1, 2019, as an addition to subdivision (b) of the statute. (Stats. 2018, ch. 955, § 5 (Sen. Bill No. 1300) eff. Jan. 1, 2019.) Effective January 1, 2022, the Legislature renumbered former subdivision (b) of section 12965 as current subdivision (c)(6). (Stats. 2021, ch. 278, § 7; see Stats. 2022, ch. 420, § 25.) The language of this subdivision was left unchanged. The trial court's postjudgment orders, the parties' motions at issue, their briefs on appeal, and Supreme Court and appellate court decisions cited in this opinion refer to section 12965, former subdivision (b), instead of section 12965, subdivision (c)(6). For clarity and consistency, we will refer to the provision as section 12965, former subdivision (b).

A trial court's order denying attorney fees and costs pursuant to FEHA is reviewed under the deferential abuse of discretion standard. (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 989; *Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1387.)

## B. Trial Court's Postjudgment Orders Were Not an Abuse of Discretion

In denying the motion for attorney fees, the trial court found defendants "failed to meet their burden to demonstrate that [p]laintiff's claims objectively lacked foundation from the inception of the case, were maintained unreasonably, or were without merit." The court accepted plaintiff's representations (1) that she believed CKE was her employer based on CKE's correspondence and other employees' testimony and (2) that she only learned of Akash's identity as Unit 66's new owner during the deposition of plaintiff's supervisor.[10] The court noted its rulings on defendants' demurrers only showed plaintiff's complaint was not defective on its face, not that her claims were frivolous. The court found plaintiff's failure to respond to defendants' section 998 offer was not evidence that her claims were frivolous from the outset. In light of its findings, the court

---

[10] In overruling defendants' demurrer to the first amended complaint, the trial court commented, "So it seems that there are various corporate entities that the poor employee working at the restaurant doesn't really know who the corporate entity is. Who runs it. The corporate employers can hide behind that to avoid any liability for what they do." "I'm going to go back and consider this, but it's somewhat contrary to the policy of the Fair Employment and Housing Act that the corporate employer[,] by using different names and confusing its employees can avoid all liability."

16

declined to address the parties remaining arguments concerning the reasonableness of the requested attorney fees.

In granting plaintiff's motion to strike and tax costs in its entirety, the trial court relied on its prior finding that plaintiff's claims were not frivolous within the meaning of section 12965, former subdivision (b). The court also rejected defendants' argument the provision did not apply retroactively.

As stated, we review these trial court's orders for abuse of discretion. Accordingly, we may not set aside the orders unless the trial court exceeded the bounds of reason—that is, no judge could have reasonably reached the contested result. (*Department of Motor Vehicles v. Superior Court* (2002) 100 Cal.App.4th 363, 369; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1249.) "We could therefore disagree with the trial court's conclusion, but if the trial court's conclusion was a reasonable exercise of its discretion, we are not free to substitute our discretion for that of the trial court." (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881–882.)

It is clear from the written orders of the proceedings that the trial court thoughtfully considered each party's motion and carefully evaluated the supporting evidence before making its final rulings. From the court's stated assessment of the parties' evidence concerning the summary judgment motion, we cannot say the court's refusal to award defendants their attorney fees and costs fell outside the court's broad discretion.[11]

---

[11] Had the trial court decided to award defendants' attorney fees and costs, it had plaintiff's uncontroverted declaration explaining why such an award would impose on her an undue financial hardship as the sole provider for her family. (See *Robert v. Stanford University* (2014) 224 Cal.App.4th 67, 70,

17

## C. Defendants' Remaining Contentions

Defendants resurrect their argument that former subdivision (b) of Government Code section 12965 does not impact this lawsuit because the complaint was filed and the offer to compromise was made prior to its effective date. As they did before the trial court, defendants cite *Holman v. Altana Pharma US, Inc.* (2010) 186 Cal.App.4th 262 (*Holman*) and *Martinez v. Eatlite One, Inc.* (2018) 27 Cal.App.5th 1181 (*Martinez*) to argue the court had discretion to award Code of Civil Procedure section 998 costs based on the pre-amended statute.

In *Holman*, the appellate court held that neither Code of Civil Procedure section 998 nor the version of Government Code section 12965 in effect at the time required the trial court to find the plaintiff's FEHA lawsuit was frivolous before awarding expert witness fees to a prevailing defendant. (*Holman*, *supra*, 186 Cal.App.4th at pp. 281–283.) In *Martinez*, the appellate court held when determining whether the plaintiff is the prevailing party, if costs and attorney fees are included in the

---

72–73 [trial court must consider the plaintiff's ability to pay before awarding attorney fees to a prevailing FEHA defendant]; *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 868, fn. 42 [an award of attorney fees " ' "should not subject the [losing] plaintiff to financial ruin" ' "]; *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1062 ["the trial court has discretion to deny or reduce a cost award to a prevailing FEHA defendant when a large award would impose undue hardship on the plaintiff—the financial circumstances of the losing plaintiff and the impact of the award on that party are relevant circumstances in determining whether the costs to be awarded are 'reasonable in amount' "].)

18

Code of Civil Procedure section 998 offer, the trial court should consider the value of those costs and fees when calculating the value of the offer. (*Martinez, supra,* 27 Cal.App.5th at pp. 1184–1185.)

The trial court rejected defendants' argument because their reliance on *Holman* or *Martinez* was misplaced. The court concluded instead that *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97 (*Williams*) was controlling. It predated former subdivision (b) of section 12965. *Williams* held that a prevailing FEHA defendant can recover costs only if the plaintiff's lawsuit was "objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." (*Id.* at p. 115.)

In *Scott v. City of San Diego* (2019) 38 Cal.App.5th 228 (*Scott*), the appellate court observed the *Williams* decision did not address the interplay between Government Code section 12965, former subdivision (b) and Code of Civil Procedure section 998 to resolve the question "whether a prevailing defendant can be awarded costs under section 998 in nonfrivolous FEHA claims." (*Id.* at p. 242.) After analyzing relevant caselaw and legislative materials, *Scott* held the Legislature expressly intended that Government Code section 12965, former subdivision (b) was to clarify ambiguities in the application of Code of Civil Procedure section 998 to FEHA claims, rather than to change current law on the recovery of attorney fees and costs. As merely declaratory of existing law, *Scott* concluded, there is no question of retroactivity. (*Id.* at pp. 242–243.)

We agree with the *Scott* decision and hold section 12965 former subdivision (b) (now subdivision (c)(6)) controls here. Defendants were thus precluded from recovering attorney fees or

19

costs absent a showing that plaintiff's claims were "frivolous, unreasonable, or groundless when brought, or . . . plaintiff continued to litigate after it clearly became so." (§ 12965, former subd. (b).)

Defendants also contend they were entitled to recovery of costs for the successful defense of plaintiff's non-FEHA claims of wrongful termination and declaratory judgment under Code of Civil Procedure section 1032.

Where a lawsuit alleges both FEHA and non-FEHA causes of action, if there is no showing the FEHA claims were frivolous, "only those costs properly allocated to non-FEHA claims may be recovered by the prevailing defendant." (*Roman v. BRE Properties, Inc.*, *supra*, 237 Cal.App.4th at p. 1062.) Where the FEHA and non-FEHA claims overlap and are intertwined, the trial court may not award costs on the non-FEHA claims. (*Ibid.*) Where the non-FEHA claims are based on separate grounds, the court may award costs under Code of Civil Procedure sections 1032 and 998 to the extent the claims led the defendants to incur additional allowable costs not incurred in defending against the FEHA claims. (*Id.* at pp. 1059, 1062.)

Defendants contend the trial court abused its discretion because they were entitled to recover costs for the successful defense of plaintiff's non-FEHA claims. Defendants point to plaintiff's wrongful termination and declaratory judgment claims as being "separate and distinct" from plaintiff's FEHA claims. However, both are derivative of the failed FEHA disability discrimination and retaliation claims, meaning they were based on the same alleged misconduct as the FEHA claims and would have triggered the same litigation expenses. Defendants acknowledged as much in their motion for attorney fees. They

20

asserted that apportionment of their fees was unnecessary; plaintiff's claims all arose from "the same common nucleus of facts." Nor have defendants demonstrated how the court could have or should have allocated any costs to the defense of the wrongful termination and declaratory judgment claims. Defendants' memorandum of costs and supporting documentation failed to identify any additional expenses incurred solely to defend against those claims.

In sum, the record does not compel us to find the trial court abused its discretion.

## DISPOSITION

The judgments and the postjudgment orders are affirmed. Each side shall bear its own costs.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

21